# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2012

No. 11-60103
Summary Calendar

Lyle W. Cayce
Clerk

TERRY DORA,

Petitioner - Appellant

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; WARDEN FLORENCE JONES; LAWRENCE KELLY,

Respondents - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:08-CV-170

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pursuant to a certificate of appealability (COA) granted by the district court, Terry Dora, Mississippi prisoner # R2153, challenges the denial of his 28 U.S.C. § 2254 habeas petition. It challenged his jury-trial conviction for possession of more than 30 grams of cocaine, for which he was sentenced to 60-years' imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dora moved our court to expand the COA to include additional claims addressed in his brief, but our court denied that motion. Therefore, our court has jurisdiction to review only the two claims of prosecutorial misconduct that the district court certified. 28 U.S.C. § 2253(c); *Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009).

Dora contends the district court erred in rejecting his claim that the prosecutor's closing argument violated his Fifth Amendment privilege against self-incrimination. A prosecutor's comment on defendant's decision not to testify warrants habeas relief only if it "had substantial and injurious effect or influence in determining the jury's verdict". *Brecht v. Abrahamson*, 507 U.S. 619, 627 (1993) (internal quotation marks and citation omitted); *see also Fry v. Pliler*, 551 U.S. 112, 120 (2007) (holding *Brecht* harmless-error standard "subsumes" deference owed under § 2254(d) to state court's denial of such constitutional claim on merits). In the light of the evidence presented at his trial, Dora failed to make such a showing.

Although he contends the closing argument also violated the Mississippi Constitution, "federal habeas corpus relief does not lie for errors of state law". *E.g., Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted). In addition, Dora contends, for the first time in his reply brief, that the prosecutor made other improper comments. "This court does not entertain arguments raised for the first time in a reply brief." *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).

Relying on *Brady v. Maryland*, 373 U.S. 83 (1963), Dora contends the State violated his due-process rights by failing to inform him prior to trial that a witness intended to incriminate Dora and to recant her previous statement that the cocaine in question belonged to her. Dora does not, however, dispute the district court's finding that the State disclosed the witness' initial statement. The *Brady* rule "applies only to impeachment and exculpatory evidence; neutral or inculpatory evidence lies outside its coverage". *United States v. Nixon*, 881

No. 11-60103

F.2d 1305, 1308 (5th Cir. 1989).  In addition, evidence is material and therefore subject to disclosure under *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different".  *United States v. Bagley*, 473 U.S. 667, 682 (1985). Dora fails to show the district court erred in ruling that the witness' intent to incriminate Dora fell outside the scope of *Brady*.

AFFIRMED.